IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | No. 4:03CR00140 SWW |
| | * | |
| LARON MONTANEZ JAMISON | * | |

**Order**

Before the Court is defendant's *pro se* motion for modification of sentence. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines"), which lowered the base offense levels for crack cocaine offenses, and Amendment 711, which identified Amendment 706 as an amendment that may be applied retroactively, effective March 3, 2008.[1] The Court has reviewed defendant's case to determine whether he is eligible for a sentence reduction. Based upon such review, the Court concludes that defendant is not entitled to a reduction of his sentence.

Defendant is serving a 120 month term of imprisonment based on his guilty plea to two counts of an eight-court indictment. He is serving two consecutive statutory minimum sentences, 60 months for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and 60 months for possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c).

Originally, defendant was sentenced to 97 months on the charge of distribution of cocaine base and 60 months for the gun charge, to run consecutively. On direct appeal, the case was remanded for re-sentencing in view of the principles announced in *United States v. Booker,* 534 U.S. 220 (2005). On re-sentencing, this Court reduced the 97 month sentence on the drug charge to 60 months but left undisturbed the 60 month term on the gun charge, which was the minimum permitted by statute.

---

[1] *See* U.S.S.G. App. C, Amend. 706, incorporated in U.S.S.G. s 2D1.1 (Supp. May 1, 2008) and App. C, Amend. 711, incorporated in U.S.S.G. § 1B1.10 (Supp. May 1, 2008).

Accordingly, defendant is presently serving the minimum sentence permitted by statute on both counts of conviction.

Amendment 706 reduces the guideline range for crack cocaine offenses by amending U.S.S.G. § 2D1.1, the drug quantity table used to compute sentences for such offenses. In most instances, Amendment 706 reduces by two levels the base offense level of the drug quantity table, U.S.S.G. § 2D.1.1(c), for specified quantities of crack cocaine.

Defendant's original guideline range on the drug charge was 97-121 months. Applying amended § 2D1.1, his amended guideline range would be 78-97 months. The amended guideline range is *greater* than the statutory minimum sentence of 60 months that the defendant is presently serving. Thus, the Court already has imposed a sentence below the amended guideline range, and it has no authority to reduce the defendant's sentence below the required statutory minimum. Defendant is not entitled to any further reduction of his sentence. *See United States v. Peters,* 524 F.3d 905, 906-07 (8th Cir. 2008)(district court may not reduce a defendant's sentence if retroactive amendment does not lower the applicable guideline range because of a statutory mandatory minimum sentence); *see also* U.S.S.G. § B1.10(b)(2)(B)("if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker* . . . a further reduction generally would not be appropriate.").

Because defendant already is serving the minimum sentence authorized by statute for his crimes, his motion pursuant to 18 U.S.C. § 3582(c)(2) [docket entry 93] is hereby denied.

IT IS SO ORDERED this 22nd day of July 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE